UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: ) CHAPTER 7
)
LYDAY, THOMAS H. ) CASE NO. 06 B 10557
LYDAY, MAXINE A. )
Debtor(s) ) HON. JACQUELINE P. COX

Social Security/Employer Tax ID Number: XXX-XX-0862
XXX-XX-1328

**NOTICE OF TRUSTEE'S FINAL REPORT, HEARING ON APPLICATIONS
FOR COMPENSATION, AND HEARING ON THE ABANDONMENT
OF PROPERTY BY THE TRUSTEE**

To the Debtor(s), Creditors and other Parties in Interest:

1. NOTICE IS HEREBY GIVEN that the Trustee of the above captioned case has filed a Trustee's Final Report and final applications for compensation. A hearing will be held

   At: U.S. BANKRUPTCY COURT, 219 S. DEARBORN, COURTROOM 619, CHICAGO, IL

   On: **December 19, 2007**     Time: **9:30 a.m.**

2. The hearing will be held for the purpose of ruling on any objections to the Final Report, ruling on applications for compensation and expenses and any objections to the pending applications and transacting such other business as may be properly noticed before the Court. ATTENDANCE BY THE DEBTOR AND CREDITORS IS WELCOMED BUT NOT REQUIRED.

3. The Trustee's Final Report shows total:

   Receipts                                   $50,471.09

   Disbursements                                  $47.85

   Net Cash Available for Distribution        $50,423.24

4. Applications for Chapter 7 fees and administrative expenses have been filed as follows:

| Applicant | Compensation Previously Paid | Fees Now Requested | Expenses |
|---|---|---|---|
| Phillip D. Levey<br>Trustee | $0.00 | $1,305.43 | $36.03 |
| Phillip D. Levey<br>Attorney For Trustee | $0.00 | $4,165.00 | $0.00 |

5. Applications for Chapter 11 and/or 13 fees and administrative expenses have been filed as follows:
None

6.  In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in full for there to be any dividend to general unsecured creditors. The priority dividend is anticipated to be 0.00%.

Allowed priority claims are: None

7.  Claims of general unsecured creditors totaling $44,916.78 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The general unsecured dividend is anticipated to be 0%.[1] Based on the aforesaid distributions, it appears that this is a surplus estate. Further, said surplus will be paid to the debtor(s) in the approximate amount of $44,916.78.

Allowed general unsecured claims are as follows:

| Claim Number | Claimant | Amount of Claim | Proposed Payment |
|---|---|---|---|
| 1 | Charter One | $0.00 | $0.00 |
| 2 | Discover Bank/Discover Financial | $0.00 | $0.00 |
| 3 | World Financial Network National Bank | $0.00 | $0.00 |
| 4 | eCAST Settlement Corporation | $0.00 | $0.00 |
| 6 | LVNV Funding LLC | $0.00 | $0.00 |
| 8 | Bank Of America, N.A. | $0.00 | $0.00 |

8.  Proposed dividends are approximations. Actual dividends may differ due to interest accrual, fee reductions, or as ordered by the Court.

9.  The Trustee's Final Report and all applications for compensation are available for inspection at the office of the Clerk of the Bankruptcy Court, Dirksen Federal Courthouse, 219 So. Dearborn Street, 7th Floor, Chicago, Illinois 60604, or may be viewed on the Court's web site, *www.ilnb.uscourts.gov*. If no objections are filed, the Court will act on the fee applications(s) and the Trustee may pay dividends pursuant to Federal Rule of Bankruptcy Procedure 3009 without further order of Court.

10. Debtors have been discharged.

11. The Trustee proposes to abandon the following property at the hearing:

| Name of Property | Scheduled Value |
|---|---|
| 175 Washington Blvd., Hoffman Estates, IL | $238,000.00 |
| Checking Account | $0.00 |
| Household Furnishings | $1,000.00 |
| Books, Pictures | $250.00 |
| Wearing Apparel | $1,000.00 |
| Costume Jewelry | $200.00 |
| Term Life Insurance | $0.00 |
| 401(k) | $600.00 |
| 2001 Pontiac Sunfire | $3,000.00 |
| 2003 Chevrolet Tracker | $5,580.00 |

---

[1] All of the funds in this estate came from the settlement of a fraudulent conveyance claim arising out of a pre-petition transfer of real estate owned by Thomas H. Lyday to his mother, Rosemary Lyday. All of the claims filed in the case are for debts for which Maxine A. Lyday is solely liable. In other words, Thomas H. Lyday is not liable on any of the claims which have been filed to date in this case. As a result, no distribution will be made on any of said claims and all monies in this estate will be paid to Thomas H. Lyday less costs of administration.

Dated: **November 26, 2007**         For the Court,

By:  **KENNETH S. GARDNER**
Kenneth S. Gardner
Clerk of the U.S. Bankruptcy Court
219 S. Dearborn Street; 7th Floor
Chicago, IL 60604

| | |
|---|---|
| Trustee: | Phillip D. Levey |
| Address: | 2722 North Racine Avenue |
| | Chicago, IL 60614 |
| Phone No.: | (773) 348-9682 |